# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

GEORGE HOLLINS                                                     PLAINTIFF

v.                                                          No. 2:07CV165-P-A

COAHOMA COUNTY JAIL, ET AL.                        DEFENDANTS

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of George Hollins, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. For the reasons set forth below, the instant case shall be dismissed for failure to state a claim upon which relief could be granted.

## Factual Allegations

The plaintiff was bitten by a spider during his stay at the Coahoma County Jail. Eight days later, he was examined by a doctor, who prescribed an antibiotic. The plaintiff's hand has become stiff and difficult to use. In addition, the plaintiff slipped when he stepped in a pool of water on the floor. The plaintiff has not stated whether he was injured in the fall. The doctor examined the plaintiff and prescribed an analgesic, but the prescription was not filled.

## Denial of Medical Treatment

In order to prevail on an Eighth Amendment claim for denial of medical care, a plaintiff must allege facts which demonstrate "deliberate indifference to the serious medical needs of prisoners [which] constitutes 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment . . . whether the indifference is manifested by prison doctors or prison guards

in intentionally denying or delaying access to medical care . . . ." *Estelle v. Gamble*, 429 U.S. 97, 104-105, 50 L. Ed. 2d 251, 260 (1976); *Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992). The test for establishing deliberate indifference is one of "subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Under this standard, a state actor may not be held liable under 42 U.S.C. § 1983 unless plaintiff alleges facts which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 838. Only in exceptional circumstances may knowledge of substantial risk of serious harm be inferred by a court from the obviousness of the substantial risk. *Id.* Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986), *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668 (1986). This same subjective deliberate indifference standard has been applied to pre-trial detainees under the Fourteenth Amendment as well as convicted inmates under the Eighth Amendment. *Hare v. City of Corinth*, 74 F.3d 633, 648 (5th Cir. 1996). In cases such as the one at bar, arising from delayed medical attention rather than a clear denial of medical attention, a plaintiff must demonstrate that he suffered substantial harm resulting from the delay in order to state a claim for a civil rights violation. *Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993); *Campbell v. McMillin*, 83 F. Supp. 2d 761 (S.D. Miss. 2000). A prisoner's mere disagreement with medical treatment provided by prison officials does not state a claim against the prison for violation of the Eighth Amendment by deliberate indifference to his serious medical needs. *Gibbs v. Grimmette*, 254 F.3d 545 (5th Cir.2001), *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997).

In this case the plaintiff was bitten by a spider, and he received antibiotic treatment for the bite wound. He does not agree with the treatment; however, such disagreement does not rise to the level of a constitutional claim. *Id.* As such, the plaintiff's claims regarding treatment of the spider bite shall be dismissed.

Likewise, the plaintiff's claims regarding his slip-and-fall accident must be dismissed. The plaintiff's claim regarding the fall itself suggest nothing more than negligence, which is not a claim under 42 U.S.C. § 1983. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986), *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668 (1986). The plaintiff's remaining claim – that he did not receive his analgesic – fails to state a claim upon which relief could be granted, as the plaintiff has not alleged that he was injured in the fall. A plaintiff must allege more than *de minimis* injury to recover for deliberate indifference under 42 U.S.C. § 1983. For instance, a sore, bruised ear lasting for three days was *de minimis* injury. The plaintiff has not even alleged that he was injured in the fall – only that prison officials did not fill his prescription for an analgesic. As the plaintiff has alleged no more than *de minimis* injury, his claims regarding medical treatment after his slip-and-fall accident must be dismissed.

In sum, all of the plaintiff's claims shall be dismissed for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 10th day of October, 2007.

/s/ W. Allen Pepper, Jr.  
W. ALLEN PEPPER, JR.  
UNITED STATES DISTRICT JUDGE